**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALIL HAMMOND, et al.,** | : | **CIVIL NO. 1:25-CV-00048** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEP'T OF** | : | |
| **CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.   Factual Background

The instant case challenges the constitutionality of prolonged solitary confinement of mentally ill inmates and argues that the plaintiffs' prolonged solitary confinement violates the Americans with Disabilities Act and the Rehabilitation Act. Despite the direct nature with which the plaintiffs assert their rights have been violated, the procedural path this case has taken has been circuitous and its procedural future complex.

On this score, the six plaintiffs initiated this case in March 2024 in the Eastern District of Pennsylvania as a single cause of action. (Doc. 1). The case was then divided into three separate actions and, after being transferred to the Middle District court, again consolidated for the purposes of discovery and pretrial motions. (Doc.

1

63). As to the cases' potentially complex future, this is a putative class action suit in which the plaintiffs seek relief for themselves and on behalf of other similarly situated individuals in solitary confinement in the Pennsylvania Department of Corrections (DOC). Thus, the five plaintiffs seek to become representative plaintiffs of these putative classes which have not yet been certified by this Court.

Against this backdrop, Bryan Perez-Rivera, has filed a *pro se* motion to intervene as a third-party coplaintiff and member class representative in this case. In this pleading, Mr. Perez-Rivera states that, although he had no preexisting mental health diagnoses prior to his incarceration twenty years ago, when he was a teenager, throughout his decades of incarceration his exposure to solitary confinement, which the plaintiffs classify as SL5 housing, has led to a deterioration of his mental health. He is now diagnosed with several mental illnesses and is classified as a "D Roster" inmate on the PA DOC's Mental Health/Intellectual Disability roster. (Doc. 85). He states that he is currently housed at the State Correctional Institution (SCI) at Rockview and was previously incarcerated at SCI-Phoenix. (Id.)

Broadly construed, Mr. Perez-Rivera seeks to be joined as a representative plaintiff in this case under Rule 24 of the Federal Rules of Civil Procedure. Yet, Mr. Perez-Rivera's pleading does not explain why, under Rule 24, he should be joined as a representative plaintiff. Instead, in our view, the appropriate course would be for

2

Mr. Perez-Rivera to join as a class member should this case ultimately be certified.

Accordingly, we will deny his motion to intervene.

## II.    Discussion

### A.    This Motion Will Be Denied.

Broadly construed, Mr. Perez-Rivera seeks to join this case as a third party

co-plaintiff under Rule 24 of the Federal Rules of Civil Procedure which authorizes

intervention as a right or permissive intervention. Under Rule 24(a), a third party has

a right to intervene either by federal statute or:

> [I]f the movant can establish: (1) a timely application for leave to
> intervene has been filed; (2) a sufficient interest in the underlying
> litigation; (3) a threat that the interest will be impaired or affected by
> the disposition of the underlying action, and (4) that the existing parties
> to the action do not adequately represent the prospective intervenor's
> interests. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220
> (3d Cir.2005) (citation omitted). The movant's failure to establish any
> factor is fatal. Id.

Brennan v. Cmty. Bank, N.A., 314 F.R.D. 541, 543 (M.D. Pa. 2016). Moreover,

under Rule 24(b), a court *may*, in its discretion, grant a third party permissive

intervention if a proposed intervenor shows that: "(1) its motion is timely; (2) it has

questions of law or fact in common with the pending action; and (3) intervention will

not cause undue delay or prejudice for the original parties." Id. (citing Fed. R. Civ.

P. 24(b)). In considering an individual's motion for permissive intervention, "[i]n

exercising its discretion, the court should consider various factors, including whether

the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation." Benjamin v. Dep't of Pub. Welfare of Cmwlth., 267 F.R.D. 456, 464–65 (M.D. Pa. 2010), aff'd sub nom. Benjamin v. Dep't of Pub. Welfare of Pennsylvania, 432 F. App'x 94 (3d Cir. 2011) (citing Hoots v. Pennsylvania, 672 F.2d 1133, 1136 (3d Cir. 1982)).

Mr. Perez-Rivera's desire to intervene as a representative party in this litigation, while entirely understandable, is inappropriate considering the procedural posture of this case. Under the standards for both permissive intervention and intervention as a right, intervention is inappropriate when the proposed intervenors' interest are already adequately represented in the litigation. On this score:

> The burden, however minimal after Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636, n. 10, 30 L.Ed.2d 686 (1972), is on the applicant for intervention to show that his interests are not adequately represented by the existing parties. Olden v. Hagerstown Cash Register, Inc., 619 F.2d 271 (3d Cir. 1980) (per curiam). See Commonwealth of Pennsylvania v. Rizzo, 530 F.2d 501, 505 (3d Cir.), cert. denied sub nom. Fire Officers Union v. Pennsylvania, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). This burden may be discharged in two ways. The applicant may demonstrate that its interests, though similar to those of an existing party, are nevertheless sufficiently different that the representative cannot give the applicant's interests proper attention. See National Farm Lines v. ICC, 564 F.2d 381 (10th Cir. 1977); Nuesse v. Camp, 385 F.2d 694 (D.C.Cir.1967); Holmes v. Government of Virgin Islands, 61 F.R.D. 3 (D.V.I.1973). Alternatively, the applicant may establish collusion between the representative and an opposing party, or an indication that the representative has not been diligent in prosecuting the litigation. Olden, supra, 619 F.2d at 274-75. See generally, Rizzo, supra, 530 F.2d at 506;

4

Nuesse v. Camp, 385 F.2d 694, 702-03 (D.C.Cir.1967).

Hoots v. Com. of Pa., 672 F.2d 1133, 1135 (3d Cir. 1982)

In our view, the proposed co-plaintiff seeks to intervene precisely because his interests are so similar to those of the existing parties. Moreover, he has not alleged any collusion between parties or an indication that the representatives have not been diligent in prosecuting the litigation. In this case, the five plaintiffs seek class certification to represent a broad swath of inmates, including "Roster D" inmates who have been subjected to prolonged solitary confinement in the Pennsylvania DOC like Mr. Perez-Rivera. Thus, should this class action case be certified, Mr. Perez-Rivera's interests would be adequately represented by the current representative plaintiffs and the putative classes. Moreover, at this juncture there is no risk to Mr. Perez-Rivera of prejudice to his rights under this action should he choose to join this litigation as a class member following certification, which would be the most appropriate course for him at this juncture. Finally, given the circuitous procedural path this case has already taken at this early stage, adding Mr. Perez-Rivera as a representative plaintiff would cause undue delay and prejudice to the existing plaintiffs and delay their efforts to open more appropriate pathways for individuals like Mr. Perez-Rivera to seek relief.

Accordingly, we will deny Mr. Perez-Rivera's motion to intervene and instead instruct plaintiffs' counsel to counsel with Mr. Perez-Rivera and advise the proposed co-plaintiff whether he would be an appropriate member of a putative class following certification.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Date: July 21, 2026