**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHALIL HAMMOND, et al.,** | : | **CIVIL NO. 1:25-CV-00048** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PENNSYLVANIA DEP'T OF CORRECTIONS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 13th day of October 2026, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the request to bifurcate discovery, (Doc. 111), is DENIED. Yet, while we conclude that bifurcation of discovery is not appropriate in this case, we agree that the parties should endeavor to focus their initial energies and attention on class-based discovery so the Court can address this issue at an early practicable time as contemplated by Rule 23. Therefore, in the first instance, the parties should focus discovery on those factual and legal issues pertaining to class certification to in order to enable a decision under Rule 23 at an early practicable time, and this discovery should be completed by the date initially set in the case management plan for close of discovery **June 4, 2027**. To the

extent that disputes arise regarding individual discovery requests that cannot be resolved through good faith meet-and-confers, the parties may bring them to the Court's attention. Finally, upon resolution of class certification issues, further case management deadlines will be set in consultation with counsel.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge